Shaw, C. J.
The directions to the jury were right. The stipulation, “ a watchman kept on the premises,” inserted, as it is, in the body of the policy, immediately after the description of the property insured, is in the nature of a warranty, and must be substantially complied with by the assured. But the terms are not explicit as to the time and manner of keeping a watch. It does not stipulate for a constant watch. It therefore requires construction as matter of law, to determine what is meant, in this policy, by keeping a watch. It relates to a factory, to its safety against fire, and this depends upon a habit or practice, in this respect, and upon the fact whether that usage has been followed. When there is an express stipulation that a thing shall be done, but the contract is silent as to the time and manner, the law holds that it must be reasonable in this respect, having regard to the object and pur pose of the stipulation — in this case, to the safety of the building. If it is done in the manner in which men of ordk nary care and skill, in similar departments, manage their own affairs of like kind, this is one strong ground to hold it reasonable, and to warrant the admission of evidence of usage. What is common and usual, under given circumstances, is evidence tending to show what is reasonable.

Judgment on the verdict.